UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05 CV 8187
H.B (G.W.G.)
ECF CASE

ANGEL BENITEZ,

    Plaintiff,

v.

CIBE SEAPORT LLC d/b/a IL PORTO,
a New York corporation,

    Defendant.
_____/

## COMPLAINT

1.     Plaintiff ANGEL BENITEZ (hereinafter referred to as "Plaintiff"), was an employee of Defendant CIBE SEAPORT LLC d/b/a IL PORTO (referred to as Defendant), and brings this action for overtime compensation and other relief under both the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b), and New York Labor Law. Plaintiff performed work in food preparation and related activities in New York, New York.

2.     Defendant corporation is a New York corporation that operates and conducts business in New York, New York, and is within the jurisdiction of this Court.

3.     This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b)(the Act).

4. Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to unpaid overtime wages from Defendant for his work beyond 40 hours per week; unpaid spread of hours payments from Defendant for each day he worked more than 10 hours; liquidated damages equal to 25 percent of his unpaid overtime wages; and attorneys fees and costs.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

6. Venue is proper in the Southern District of New York Pursuant to 28 U.S.C. § 1391(b) and (c).

7. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§201-209, in that Plaintiff performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) hours per week during one or more workweeks.

8. In the course of employment with Defendant, Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

9. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## UNDER FAIR LABOR STANDARDS ACT

10. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9 above.

11. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per workweek. Plaintiff regularly worked overtime hours.

12. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

13. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## NY OVERTIME COMPENSATION

14. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 13 above.

15. At all times relevant to this action, Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651(5) and 651(6).

16. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

17. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, and an additional twenty-five (25) percent as liquidated damages, reasonable attorney's fee, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

WHEREFORE, Plaintiff requests that this Court grant the following relief:

i. Declare Defendant's conduct complained of herein to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Labor Law;

ii. Award Plaintiff unpaid overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendant's willful failure to pay both minimum wage and overtime pay, pursuant to 29 U.S.C. § 216;

iii. Award Plaintiff unpaid overtime compensation under the New York Labor Law and an additional 25% as liquidated damages, pursuant to N.Y. Labor Law § 663(1);

iv. Award Plaintiff prejudgment interest;

v. Award Plaintiff the costs of this action together with reasonable attorney's fees; and such other and further relief as this court deems necessary and proper.

DATED this 21st day of September 2005.

        THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
        305 Broadway, 9th Floor
        New York, NY 10029
        Tel: (212) 897-5859
        Fax: (212) 822-1407


        _____
        JUSTIN A. ZELLER
        JZ 7094

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL BENITEZ,

    Plaintiff,

v.

CIBE SEAPORT LLC d/b/a IL PORTO,
a New York corporation,

    Defendant.

## SUMMONS & COMPLAINT

THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
305 Broadway, 9th Floor
New York, NY 10029
Tel: (212) 897-5859
Fax: (212) 822-1407

To:

CIBE SEAPORT LLC d/b/a
IL PORTO
11 Fulton Street
New York, NY 10038